UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Stanfield, | ) C/A No. 2:13-2702-MBS-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Barry Secrest; Mary Considine, | ) |
| Defendants. | ) |
| _____ | ) |

David Stanfield ("Plaintiff"), proceeding *pro se*, filed the within action seeking to bring both civil and criminal claims against the named Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review the pleadings within and submit findings and recommendations to the district judge.

Factual and Procedural Background

Plaintiff states that, on September 24, 2013, Linda Secrest "did pass away," and was survived by her daughter, a minor. (ECF No. 1 at 1.) The minor child's father had passed away two years earlier. Linda Secrest had executed a "Last Will and Testament" ("the Will") and a power of attorney relating to her death and the care of her daughter. Plaintiff contends that Defendants "have conspired together to destroy and thwart the [Will] for their own selfish gain." (*Id.*) He adds that Defendants have "conspired to choose custody arrangements contrary to" the Will and "concerning and against the desires" of Secrest's daughter. (*Id.* at 2.) Further, Plaintiff avers that Defendants have "slandered"

Plaintiff, his family, and his reputation. (*Id.*) Plaintiff seeks an award of monetary damages and for criminal penalties against Defendants.

## *Pro Se* Review–Filing Fee Paid

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Moreover, even when the filing fee is paid, the Court possesses the inherent authority to dismiss frivolous complaints. *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); *see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

## Discussion

1. Standing

As an initial matter, Plaintiff purports to bring this action, in part, seeking to recover for injuries to the decedent, Linda Secrest, and her minor child. "Federal courts are courts

2

of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). The federal courts presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

Under Article III, § 2, of the Constitution, federal courts have jurisdiction over a dispute only if it is a "case" or "controversy"; this is a "bedrock requirement." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). One element of the case-or-controversy requirement is to establish that the plaintiff has standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "The requirement of standing . . . has a core component derived directly from the Constitution. A plaintiff must allege *personal* injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added).

The Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). Plaintiff makes no showing of a "personal stake" or injury "particularized as to him" caused by Defendants in this lawsuit, except as to his "slander" claim. *See infra*. As to the federal claims alleged, Plaintiff has no standing to bring the within suit.

Additionally, Plaintiff, as a *pro se* litigant, may not sue on behalf of other individuals. "A judgment against him may prevent [Secrest and her daughter] from later raising the

same claims," and the Court "consider[s] the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a *pro se* litigant cannot act as a "knight errant" for others).

2.  <u>42 U.S.C. § 1983</u>

Plaintiff alleges a cause of action under 42 U.S.C. § 1983 which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also United States v.*

*Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 941 F.2d 1292 (2d Cir. 1991). There is no indication that Defendants are other than private individuals; as there are no allegations in the Complaint that attribute any of Defendants' actions to state action, Plaintiff is barred from proceeding with a § 1983 claim.

3.   18 U.S.C. § 241

Title 18 of the United States Code deals with crimes and criminal procedure. Section 241 of that Title, "Conspiracy against rights," calls for a fine, or imprisonment, or both, for violations of that section, under which only the United States can bring an action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Regarding Plaintiff's request that criminal charges be brought against Defendants, this relief is not available to him as he has not shown that a private right of action exists under this criminal statute. *See, e.g., Cent. Bank v. First Interstate Bank*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone ...."). With respect to Plaintiff's claim for damages under 18 U.S.C. § 241, unless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947 (10th Cir.), *cert. denied*, 466 U.S. 976 (1984) (damages sought for violation of 18 U.S.C. § 241). Thus, Plaintiff is barred from any civil recovery thereunder.

Moreover, Plaintiff does not have a constitutional right to, or any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. *See Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town*

*of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005); *see also Doe v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 170–71 (4th Cir. 2010). As Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, Plaintiff lacks standing to raise such a claim. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). As Plaintiff does not have standing to seek criminal charges, such relief cannot be granted hereunder.

4.      S.C. Code Ann. § 16-7-150

The South Carolina criminal libel statute, like 18 U.S.C. § 241, holds no remedy for Plaintiff or any other private individual. *See* discussion, *supra*. Moreover, Section 16-7-150 had been declared unconstitutional. *Fitts v. Kolb*, 779 F. Supp. 1502, 1519 (D.S.C. 1991) ("[T]he South Carolina criminal libel statute, S.C. Code Ann. § 167-150 (Law. Co-op. 1976), as presently drafted, is overbroad and vague in violation of the First and Fourteenth Amendments to the United States Constitution.").

To the extent Plaintiff might wish to bring a civil action for defamation, he is barred from doing so against Defendant Considine. Generally, defamation claims, which include slander and libel, are matters of state law to be heard in the state courts, unless diversity of citizenship is present. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). A state law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788–91 (D.S.C. 1992), *aff'd*, No. 92-2368, 1993 WL 478836 (4th Cir. Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000). Complete diversity of parties in a case means that no party on one side may

be a citizen of the same State as any party on the other side.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978).  As Plaintiff's submissions demonstrate that he and Defendant Considine are both citizens of the State of South Carolina, he cannot bring a state law claim against her in this court.

## Recommendation

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice as to Defendant Considine.


                                                        s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

December 13, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).