IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Stanfield, ) | |
| ) | C/A No. 2:13-2702-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Barry Secrest; Mary Considine, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On October 3, 2013, Plaintiff David Stanfield, appearing pro se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Barry Secrest and Mary Considine have acted under color of state law to thwart the wishes of a decedent, Linda M. Secrest, to place custody of her minor daughter with Plaintiff. Plaintiff further seeks to bring criminal claims against Defendants, as well as a cause of action for defamation.[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling.

On December 13, 2013, the Magistrate Judge issued a Report and Recommendation in which she determined that, except as to his defamation claim, he lacks standing to assert the claims set forth in his complaint. The Magistrate Judge further found that there is no indication that Defendants are state actors for purposes of § 1983. In addition, the Magistrate Judge noted that Plaintiff is barred from recovering civil damages for an alleged violation of a criminal statute, and that he has no cognizable interest in the criminal prosecution of another person.

---

[1] Plaintiff seeks damages in the amount of "$20,000.00 (Respectively) for criminal Slander[.]" Comp. 5. The Magistrate Judge also treated Plaintiff's claim as a claim for defamation arising under state tort law.

With respect to Defendant's cause of action for defamation, the Magistrate Judge determined that the court lacks diversity jurisdiction over Defendant Considine because Defendant Considine is, according to the complaint, a citizen and resident of South Carolina.  The Magistrate Judge recommended that Defendant Considine be dismissed, and that the defamation cause of action be allowed to proceed against Defendant Secrest, purportedly a citizen and resident of Virginia.  Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the Report and Recommendation and adopts the Magistrate Judge's recommendations except as to her recommendation that the court retain jurisdiction over Plaintiff's defamation claim against Defendant Secrest.  Because the court has dismissed all claims over which it has original jurisdiction, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining defamation cause of action in toto.  See 28 U.S.C. § 1367(c)(3).  Accordingly, the court dismisses the within action, without prejudice.  Plaintiff's defamation claim shall be tolled for a period of thirty days after dismissal unless state law

provides for a longer tolling period.  See id. at 1367(d).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 5, 2014

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**